IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| United States of America, ex rel. Jeff Johnson<br><br>Plaintiffs,<br><br>vs.<br><br>Mission Support, Inc., and John Does 1-10,<br><br>Defendants. | ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br><br><br>Case No. 2:08-CV-877<br>Judge Dee Benson |

This matter is before the court on Defendant Mission Support, Inc.'s Motion for Partial Judgment on the Pleadings. (Dkt. No. 23.) The court heard oral argument on the motion on February 23, 2011. Plaintiff was represented by Loren M. Lambert. Defendant Mission Support was represented by Heidi E. Leithead and Cheylynn Hayman. At the conclusion of the hearing, the court took the matter under advisement. Now, being fully advised, the court enters the following Memorandum Decision and Order.

## **BACKGROUND**

Mission Support is a government contractor that provides aircraft parts, repair and refurbishing services for various branches of the United States military, including the United

States Air Force, Army and Navy. Relator Jeff Johnson ("Johnson") is a former employee of Mission Support who was terminated in June 2008. After his termination, Johnson filed the present *qui tam* action against Mission Support alleging two causes of action: (1) that Mission Support was conducting improper repairs for the United States military in violation of the False Claims Act ("FCA"); and (2) that Mission Support wrongfully terminated Johnson in violation of Utah public policy in retaliation for lodging internal complaints about the purported improper conduct alleged in the Complaint. (Complaint ¶ 62-63.)

The Defendant's motion for partial judgment on the pleadings addresses only Johnson's second claim–that he was terminated in violation of Utah public policy in retaliation for "whistleblowing." (Complaint ¶ 63.)

## **DISCUSSION**

Under Utah law, all employment relationships that are "entered into for an indefinite period of time" are presumed to be at-will. Touchard v. La-Z-Boy Inc., 148 P.3d 945, 948 (Utah 2006) (quoting Hansen v. Am. Online, Inc., 96 P.3d 950 (Utah 2004)). When employment is at-will, either "the employer or the employee may terminate the employment for any reason (or no reason) except where prohibited by law." Id. Accordingly, an employer's decision to terminate employment is presumed to be valid. Id.

However, the presumption of validity given to an employer's decision to discharge an employee may be overcome by demonstrating that

> (1) there is an implied or express agreement that the employment may be terminated only for cause or upon satisfaction of [some] agreed-upon condition; (2) a statute or regulation restricts the right of an employer to terminate an employee under certain conditions; or (3) the termination of employment constitutes a violation of a clear and substantial public

policy.

Hansen v. America Online, Inc., 96 P.3d 950 (2004). In this case, Johnson attempts to overcome the presumption that his employment was validly terminated by invoking the last of these exceptions–the public policy exception to the at-will rule. The Utah Supreme Court has stated that "all employers have a duty not to terminate any employee, 'whether the employee is at-will or protected by an express or implied employment contract,' in violation of clear and substantial public policy." Ryan v. Dan's Food Stores, 972 P.2d 395, 404 (Utah 1998). And, "[i]f an employer breaches that duty, an employee has a tort cause of action against the employer" for wrongful discharge. Id.

The Utah Supreme Court has also expressed the "importance of keeping the scope of [this] public policy exception narrow to avoid unreasonably eliminating employer discretion in discharging employees," explaining that "[e]ven those principles which are widely held values may not be sufficient to justify wrongful termination recovery." Rackley v. Fairview Car Ctrs., Inc., 2001 UT 32, ¶ 18, 23 P.3d 1022. Accordingly, the court will apply "only those principles which are so substantial and fundamental that there can be virtually no question as to their importance for promotion of the public good." Touchard, 2006 UT 71 at ¶ 11 (internal quotations omitted). Consistent with this narrow construction, the Utah Supreme Court has identified only four categories of conduct that violate a clear and substantial public policy of the State of Utah:

> (1) discharging an employee for refusing to commit an illegal or wrongful act; (2) discharging an employee for performing a public obligation; (3) discharging an employee for exercising a legal right or privilege; and (4) discharging an employee for reporting an employer's criminal activities to the appropriate authorities.

Touchard, at 948-49 (quoting Ryan v. Dan's Food Stores, Inc., 972 F.2d 395, 408 (Utah 1998)).

In this case, having reviewed the allegations in plaintiff's complaint, it is apparent that Johnson's wrongful discharge claim is based solely on allegations that he engaged in whistleblowing by objecting to company activities that purportedly violated the FCA. (Complaint ¶ 62-63.) However, as Defendant points out, no Utah court has ever held that the FCA provides an adequate basis for a Utah public policy wrongful discharge claim. (See Def.'s Mem. In Opp'n at 3.) Moreover, courts in other jurisdictions that have squarely confronted and addressed this very issue have explicitly rejected such a claim.

For example, in Shaw v. AAA Engineering & Drafting, Inc., 213 F.3d 519 (10th Cir. 2000), an employee filed a *qui tam* action alleging, among other things, that she had been wrongfully discharged for reporting the fraudulent activities of her employer to government officials. Id. at 523. Noting that the Oklahoma "public policy exception only applies 'in a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law," the United States Court of Appeals for the Tenth Circuit held that the district court erred in refusing to dismiss the relator's wrongful discharge claim. Id. at 535 (citation omitted). Citing an Oklahoma Supreme Court decision in which the court made clear that "'[t]he Oklahoma Legislature, not this Court or Congress, is primarily vested with the responsibility to declare the public policy of this state,'" the Tenth Circuit concluded that "[t[he FCA cannot be the basis, standing alone, for a claim under the . . . public policy exception to the employment-at-will doctrine." Id. at 536 (citation omitted). Thus, where the relator "failed to point out any Oklahoma decision, statute or constitutional provision

4

supporting employees who report FCA violations," the relator's wrongful discharge claim failed as a matter of law.  Id.

Numerous other courts have reached the same conclusion.  See, e.g., United States ex rel. Chandler v. Hektoen Inst. for Med. Research, 35 F.Supp.2d 1078, 1083 (N.D. Ill. 1999) (noting that "[t]he intent of the FCA is to protect the federal government, not individual citizens," and dismissing a claim for public policy retaliatory discharge); Adler v. Continental Ins. Co., 1996 U.S. Dist. LEXIS 17500, *25-30 (D. Kan. 1996) (finding "no Kansas public policy is implicated by submitting fraudulent claims to the federal government" and dismissing plaintiff's claim for public policy wrongful discharge); Storey v. Patient First Corp., 207 F.Supp.2d 431, 450-52 (E.D. Va. 2002) (noting that public policy wrongful discharge claim must find root in a state statute, not an act of Congress, and therefore a complaint "devoid of reference to any statute other than the federal False Claims Act" could not establish wrongful discharge under Virginia law).

Like the plaintiffs in these cases, Johnson has similarly failed to allege any connection between the FCA and any public policy for the State of Utah.  Accordingly, Johnson's wrongful discharge claim fails as a matter of law and is hereby dismissed.

It is so ordered.

DATED this 5th day of April, 2011.

                                                          _____
                                                          Dee Benson
                                                          United States District Judge