IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| United States of America, ex rel. Jeff Johnson, <br><br> Plaintiff, <br><br> v. <br><br> Mission Support, Inc., and John Does 1-10, <br><br> Defendants. | **MEMORANDUM DECISION and ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> Case No. 2:08cv00877 DB <br><br> District Judge Dee Benson <br><br> Magistrate Judge David Nuffer |

Plaintiff/Relator, Jeff Johnson moved this court for leave to amend the First Cause of Action in his Complaint.[1] For the reasons set forth below, this motion is GRANTED.

## NATURE OF THE CASE

Mission Support is a government contractor that provides aircraft parts, repair and refurbishing services for various branches of the United States military, including the Air Force, Army and Navy. Mission Support terminated Johnson in June 2008. Johnson filed an administrative action on November 7, 2008. Johnson then filed his Complaint on November 13, 2008 alleging two causes of action: (1) that Mission Support was conducting improper repairs for the United States military in violation of federal law; and (2) that Mission Support wrongfully terminated Johnson in violation of Utah public policy in retaliation for lodging internal complaints about the purported improper conduct alleged in the Complaint.[2] After the case was filed, it was delayed for approximately 16 months before the United States filed a notice declining to intervene.[3] On September 21, 2010, Defendant Mission Support filed a Motion for

---

[1] Plaintiff Jeff Johnson's Motion to Amend his Complaint (Motion to Amend), docket no. 60, filed July 20, 2011.

[2] Qui Tam Complaint at 21-22, docket no. 1, filed November 13, 2008.

[3] United States' Notice of Declination, docket no. 8, filed under seal March 3, 2010.

Partial Judgment on the Pleadings that only addressed Johnson's claim that he was wrongfully terminated because it violated Utah public policy.[4] The District Court heard oral arguments on the Motion for Partial Judgment on the Pleadings on February 23, 2011,[5] and entered an order on April 4, 2011 granting the motion and dismissing Johnson's cause of action for wrongful termination in violation of Utah public policy.[6] Johnson now seeks leave to amend the complaint to include a cause of action for termination in violation of federal law.[7]

## DISCUSSION

Mission Support argues that the motion to amend should be denied for five reasons.

> First, Relator's proposed claim is futile because the "Federal Recovery Act" on which Relator bases his claim has no application whatsoever in this case. Second, Relator's proposed claim is time-barred. Third, Relator unduly delayed in filing his Motion under Rule 15(a). Fourth, Relator has failed to satisfy his heightened burden under Rule 16(a), which requires him to establish good cause for why he could not timely file his Motion before the Court's November 22, 2010 scheduling order deadline. Finally, allowing Relator to add an entirely new cause of action at this late stage of the proceedings would unduly prejudice Mission Support.[8]

Johnson argues that 31 U.S.C. § 3730(h) allows for a cause of action in this case. Although subsequently amended, subsection (h) was in effect in 2008 when Johnson was terminated and stated as follows:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to

---

[4] Defendant's Motion for Partial Judgment on the Pleadings, docket no. 23, filed September 21, 2010.

[5] Minute Order, docket no. 51, filed February 23, 2011.

[6] Order Granting Defendant's Motion for Partial Judgment on the Pleadings, docket no. 52, filed April 6, 2011.

[7] Memorandum in Support of Plaintiff Jeff Johnson's Motion to Amend his Complaint, Exhibit 1 at 21, docket no. 61-1, filed July 20, 2011.

[8] Memorandum in Opposition to Relator's Motion to Amend Complaint at ii, docket no. 62, filed August 8, 2011.

> make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection.[9]

Thus, Johnson's purposed claim would not be futile.

Second, Johnson argues that the claim is not time barred. Johnson mistakenly cited to the three year statute of limitations provided for in the subsequent amendments of 31 U.S.C. § 3730(h)(3).[10] The statute of limitations is not applicable to Johnson because it was enacted after his termination.[11] His cause of action is deemed to relate back to the filing of the original pleading because "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."[12] Johnson's Amended Complaint does not refer to any new facts and therefore, the amended claim will be deemed to relate back to the original filing date and the claim is not timed barred.

Third, Johnson did not unduly delay this motion as the parties are still conducting discovery and trial is set in October 2012. Johnson asserts three reasons he waited to bring the claim:

> First, he believed in good faith that his state law claim, which was not dismissed until April 2011, was sufficient to advance his wrongful termination claim. Second, he believed that the government was investigating the underlying claims asserted against the Defendant that led to his termination. And last, the Relator was concerned that bringing his federal claim would interfere with any investigations that the federal government had commenced.[13]

---

[9] 31 U.S.C. § 3730(h) (1986). *See also* Verified Reply to Defendant's Memorandum in Opposition to Relator's Motion to Amend Complaint (Reply Memorandum), Exhibit 53 at 2, docket no. 68-7, filed August 29, 2011.

[10] Reply Memorandum at 6.

[11] *Id.* at 20. 31 U.S.C. § 3730(h)(3) (2009).

[12] Fed. R. Civ. P. 15(c)(1)(B).

[13] Reply Memorandum at 21.

This is a sufficient explanation for the timing of this motion.

Fourth, Mission Support argues that the deadline to amend the complaint has passed, and therefore Johnson must show good cause as why he did not meet the scheduling order deadline. Johnson has shown good cause "due to the slow pace of discovery, what Johnson thought was an investigation being conducted by the government, the production of documents supporting Johnson's wrongful termination claim, the temporary suspension of discovery and litigation, and the dismissal of the state law claim in April 2011."[14]

Finally, the Court finds that this is not an entirely new cause of action as Johnson's previous dismissed claim was for wrongful termination, the parties have been conducting discovery on this issue, and Mission Support would not be unfairly prejudiced by the amended complaint.

**ORDER**

IT IS HEREBY ORDERED that the Motion to Amended the Complaint[15] is GRANTED as provided herein.

Within 10 days of this Order Johnson shall file the Amended Complaint which shall properly cite 31 U.S.C. § 3730 which he alleges supports his claim.

Dated October 4, 2011.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[14] *Id.* at 23.

[15] Docket no. 60, filed July 20, 2011.