**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JEFF JOHNSON,<br><br>     Plaintiff,<br><br>v.<br><br>MISSION SUPPORT et al.,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Docket No. 99)**<br><br>Case No.  2:08-CV-00877-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Jeff Johnson moved this Court[1] to compel Mission Support Inc. (Mission Support) to provide more complete responses to his discovery requests one through four.  (Docket No. 99). The Court has carefully read the Motion and Memoranda submitted for and against Johnson's Motion to Compel on His Discovery Requests One Through Four and heard oral argument on December 4, 2012.  This Court now grants in part and denies in part the Motion.

**Failure to Comply with Meet and Confer Requirements**

This Court has sympathy for Mr. Johnson's complaints regarding Mission Support's discovery responses that state objections and then say something to the effect of "notwithstanding, the answer is . . ." or "we produced the documents."  Certainly, such phrasing leaves room for confusion.  Nonetheless, Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1 both require the moving party engage in a meet and confer prior to filing a Motion to

---

[1] On October 5, 2010, District Judge Dee Benson referred this case to Magistrate Judge David Nuffer under 28 U.S.C. section 636(b)(1)(A).  (Docket No. 28.)  On March 31, 2012, the case was reassigned from Judge Benson to newly appointed District Judge David Nuffer.  (Docket No. 126.)  On May 21, 2012, Judge Nuffer reassigned the referral to Magistrate Judge Evelyn J. Furse.  (Docket No. 143.)

Compel in an attempt to resolve the issue.  While Plaintiff did engage in a meet and confer on some requests, he moved to compel on a number of requests not specifically raised in any meet and confer:  First Set of Discovery Requests—Interrogatories 4 and 8, Document Requests 2, 3, 13, 14, and 17-20; Second Set of Discovery Requests—Interrogatory 3, Document Request 6; Third Set of Discovery Requests; Fourth Set of Discovery Requests.  On that basis, the Court denies the Motion as to those Requests.

**First Set of Discovery Requests**

***Interrogatory 9:***  Mission Support represented in its meet and confer letter of July 8, 2011 (Docket No. 110-3) that it has not withheld any documents based upon privilege that pre-date this lawsuit's filing, and Mr. Johnson has not requested a privilege log of documents that post-date the filing.  Therefore, no dispute exists.  The Court ORDERS Mission Support to amend its response to Interrogatory 9 to conform with its representations.

***Document Request 1:***  Mr. Johnson seeks to have Mission Support identify the documents responsive to this document request by document control number.  Federal Rule of Civil Procedure 34(b)(2)(E)(i) requires the producing party to either produce documents in the order that party keeps the records or identify which documents respond to which request. Mission Support admitted at oral argument it had not produced documents as it keeps them in the ordinary course of business.  It argues that identifying the responsive documents to this request would impose an equal burden on each party.  However, Rule 34 places that burden on the producing party.  Therefore, this Court ORDERS Mission Support to identify documents responsive to this document request by document number within 14 days of the date of this Order.

**Document Request 4:**  In its meet and confer letter of July 8, 2011, Mission Support asserts that the request regarding improper waste disposal is irrelevant in light of the Court's dismissal of the wrongful termination claim.  Because improper waste disposal cannot provide a basis for a False Claims Act claim and thus not for a False Claims Act retaliation claim and Defendant does not assert a mixed motive defense for the termination, the Court finds the requested documents irrelevant to the litigation.  The Court ORDERS Mission Support to amend its response to conform with its representations.  Similarly, for the reasons stated under Document Request 1, the Court ORDERS Mission Support to identify documents responsive to this document request by document number within 14 days of the date of this Order.

**Document Request 15:**  For the reasons stated under Document Request 4, Mission Support's waste disposal has no relevance to this litigation.  Therefore, the Court DENIES the Motion to Compel as to this Request.

**Document Request 16:**  This Court agrees with Mission Support and finds this document request overbroad.  It seeks all documents, including the complete personnel files, mentioning twenty employees.  Mr. Johnson makes no effort to limit his request to documentation having any relevance to this case.  Furthermore, as observed by the 10th Circuit, "personnel files often contain sensitive personal information."  *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).  While the request may generate some relevant information, it sweeps too broadly. Moreover, the remainder of the five sets of document requests sought by Mr. Johnson would no doubt encompass any relevant information sought regarding these employees.  Therefore, the Court DENIES the Motion to Compel as to this Request.

**On-Site Inspection Request 1:**  Mr. Johnson asked to inspect and photograph the work areas where he worked.  Mission Support has agreed to allow such inspection and asked for dates

to schedule it.  The only remaining dispute involves whether Mr. Johnson may take photographs of the work areas.  Mr. Johnson attempts in his Reply Brief to expand the request to include photographing specific documents.  The original request makes no mention of these documents, and therefore the Court will not address them.  The Court will allow Mr. Johnson to take photographs of the premises during the inspection on the condition that all parties treat those photographs as "Government Document –Restricted Access" under the existing protective order unless Mission Support identifies photographs not needing such protection.  Therefore, the Court GRANTS the Motion to Compel as to photographs of the premises.  This inspection shall occur within 14 days of the date of this Order.

*On-Site Inspection Request 2:*  This request seeks to inspect and photograph all work tools and machinery used by Mr. Johnson in performing his duties.  Mission Support has agreed to the inspection but has asked for details of the tools Mr. Johnson wishes to inspect, including the tool Mr. Johnson allegedly threw.  As to the allegedly thrown tool, Mission Support has alleged that Mr. Johnson threw a tool.  Therefore, Mission Support stands in the best position to identify which tool it alleges Mr. Johnson threw.  As to any remaining tools, if Mr. Johnson does not identify specific tools to the best of his ability, Mission Support need only provide access to the tools currently used to perform the job in the work area described in Request 1.  The Court will allow Mr. Johnson to take photographs during the inspection on the condition that all parties treat those photographs as "Government Document –Restricted Access" under the existing protective order unless Mission Support identifies photographs not needing such protection.  Therefore, the Court GRANTS the Motion to Compel as to photographs of the tools.  This inspection shall occur within 14 days of the date of this Order.

4

**Second Set of Discovery Requests**

*Document Requests 2 & 3:*  Mr. Johnson notes the parties have agreed these requests do not need further document numbers.  Mr. Johnson continues to express concern about a privilege log.  That issue has been resolved as set forth above in the First Set of Discovery Requests, Interrogatory 9.

*Document Request 5:*  Mr. Johnson notes the parties have reached agreement on the general objections in this request but has concerns about whether Mission Control produced all responsive documents within its possession, custody, or control.  Mission Support made that representation at oral argument.  The Court ORDERS Mission Control to amend its response to include that representation expressly.[2]

Mr. Johnson further seeks identification of responsive documents by document number.  This request seeks a subset of information sought by Mr. Johnson's Document Request 1 in his First Set of Discovery Requests.  While Mission Support does have an obligation to identify documents in compliance with Rule 34, Mr. Johnson appears to be attempting to have a second bite at the apple, by making a request that would require identification of a subset of documents already produced.  The Court will not order identification under these circumstances.

*Document Request 8:*  This request seeks a subset of information sought by Mr. Johnson's Document Request 1 in his First Set of Discovery Requests.  While Mission Support does have an obligation to identify documents in compliance with Rule 34, Mr. Johnson appears to be attempting to have a second bite at the apple, by making a request that would require

---

[2] The Court notes that Federal Rule of Civil Procedure 34 requires that all responses pertain to all documents within the Defendant's possession, custody, or control and understands the Defendant to have responded accordingly.  The Court orders an explicit representation to this document request because of the breadth of the Interrogatory and previous answer, which leave some room for confusion.

identification of a subset of documents already produced.  The Court will not order identification under these circumstances.

*Document Request 9:*  Mission Support objected to this request as overbroad because it asked for documents related to all parts ordered for the KC-135 recoils between February 9, 2006 and June 11, 2008 when the Complaint only alleges problems with two specific parts—the 3-64729 center pins and the 3-65836 springs.  The Court agrees the request is overbroad to the extent it seeks documents related to parts other than the two identified in the Complaint.  *See Lemmon v. Envirocare,* No. 2:02-cv-904, Order at 3, March 16, 2012 (holding "the scope of permissible discovery is restricted within the four corners of Plaintiffs' Complaint"); *U.S. ex rel. Carter v. Halliburton Co.,* No. 1:08-cv-1162, 2009 WL 2240331, *9 (E.D. Va. July 23, 2009) (dismissing generalized claims because of concern of creating a fishing expedition in discovery but permitting specific claims to proceed).  Through the meet and confer letters Mission Support makes representations about these documents, including representations about the lack of orders during the period specified.  The Court ORDERS Mission Support to amend its response to Interrogatory 9 to conform with its representations.

To the extent Mr. Johnson cites this request as a basis to obtain all documents from a broader time period related to B-52 Intake Ducts and KC-135 Recoil Assemblies, it provides no such basis.  The request seeks documents related to the ordering of parts for a specific period.  Mr. Johnson's reading stretches the plain language of this request.  With this Court's Order, Mission Support must produce "any and all purchase orders, receipts, shipping invoices, invoices, statements, reports, records, and other documents and information" (Docket No. 100-4)

related to the ordering of 3-64729 centering pins[3] and 3-65836 springs.  If Mission Support has already produced such documents, it need only amend its response as stated above.  If additional documents exist that it needs to produce, Mission Support must produce those documents within 14 days of the date of this Order.

      ***Document Request 10:***  Mr. Johnson's initial request casts a wide net.  Mission Support responded by imposing limitations and producing documentation.  The letters exchanged between the parties reflect that Mr. Johnson accepted some of those limitations, specifically that Mission Support would produce documents regarding government orders or deliveries to the government of any KC-135 recoil assemblies, B52 intake bypass ducts, 3-64729 centering pins, 3-65836 springs, and B-52 intake bypass duct clips between February 9, 2006 and June 11, 2008.  Those letters reflect that Mission Support has produced all such documents.  Mission Support sought greater specificity with respect to which specific steel jo-bolts on the B-52 bypass ducts Mr. Johnson alleges Mission Support substituted with aluminum rivets.  Mr. Johnson initially offered to provide greater specification, but has never done so.  The B-52 bypass ducts made by Mission Support contain many different jo-bolts.  Given Mr. Johnson's initial willingness to specify the jo-bolt to which he refers in his Complaint, the Court ORDERS him to provide as much specification as he can within 14 days of the date of this Order.  The Court ORDERS Mission Support to produce documents in its possession, custody, and control regarding government orders or deliveries to the government of steel jo-bolts and aluminum rivets for the B-52 bypass ducts as specified by Mr. Johnson for the period specified within 14 days of the date of Mr. Johnson's providing the specification needed.  The Court further ORDERS Mission

---

[3] To the extent the parties agree the centering pins no longer present a viable claim, Mission Support does not need to produce documents relating to them.  *See* Mem. in Opp'n to Relator's Mot. to Compel on His Disc. Requests 1-4, Ex. E (Docket No. 110-5).

Support to supplement its written response following production to reflect this Order, Mr. Johnson's specifications, and Mission Supports representations during negotiations.

Given Mr. Johnson's failure to engage in a meaningful meet and confer on a number of these requests, the Court finds Mission Support's actions do not warrant sanctions.

For the reasons sets forth above, the Court Grants this Motion in Part and Denies this Motion in Part.

SO ORDERED this 16th day of January, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge