**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JEFF JOHNSON,<br><br>                    Plaintiff,<br><br>v.<br><br>MISSION SUPPORT, et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND DISCOVERY** (Docket No. 161)<br><br><br>Case No.  2:08-CV-00877-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Jeff Johnson made two motions to extend discovery.[1]  (Docket Nos. 101 & 161.)  The Court has carefully read the Motion and Memoranda submitted for and against Johnson's Motion to Extend Discovery and heard oral argument on December 4, 2012.  The Court also carefully read the Motion and Memoranda submitted for and against Johnson's Third Motion to Extend Discovery.  This Court now grants in part and denies in part the second Motion.

On January 16 and 28, 2013, this Court granted in part two Motions to Compel.  The Court will allow discovery to reopen and remain open through March 15, 2013 to permit any follow up discovery the parties deem necessary.

Mr. Johnson has requested a longer extension to permit him to conduct further discovery of third parties and follow up on the discovery produced in response to his Motions to Compel. The fact discovery period in this case began on April 26, 2010 and closed March 15, 2012,

---

[1] On October 5, 2010, District Judge Dee Benson referred this case to Magistrate Judge David Nuffer under 28 U.S.C. section 636(b)(1)(A).  (Docket No. 28.)  On March 31, 2012, the case was reassigned from Judge Benson to newly appointed District Judge David Nuffer.  (Docket No. 126.)  On May 21, 2012, Judge Nuffer reassigned the referral to Magistrate Judge Evelyn J. Furse.  (Docket No. 143.)

1

following two extensions.  The Court also permitted Mr. Johnson to take depositions of four third party witnesses on August 23, 2012 even though discovery had closed.  (Docket No. 155.)  Mr. Johnson has had plenty of time to complete discovery during which he made decisions about the methods of discovery to pursue and the order in which to pursue them.  This additional period will permit sufficient time to complete any discovery necessitated by the Motions to Compel without significantly prejudicing Mission Support Inc.

Mr. Johnson made an additional motion to compel the United States Air Force "to cooperate" within this motion to extend discovery.  (Docket No. 161.)  Mr. Johnson elected to pursue informal discovery to obtain information from the United States Air Force.  He solicited information through letters, e-mails, and non-subpoenaed depositions all from Tinker Air Force Base in Oklahoma.  When a party chooses to engage in informal discovery, it relies on the willingness of those from whom it seeks information to provide that information.  If that party wishes to use the Court to demand responses to discovery, it must use formal discovery processes, in this case subpoenas.  *See*, *Cont'l Cas. Co. v. Multiservice Corp.,* Case No. 06-2256-CM, 2008 WL 73345, at *8 (D. Kan. Jan. 7, 2008).  Furthermore, Mr. Johnson has failed to meet and confer prior to bringing this "motion."  For these reasons the Court denies Mr. Johnson's Motion to Compel submitted as part of his Motion to Extend.

This Court will issue a new scheduling order separately.

For the reasons sets forth above, the Court GRANTS this Motion in Part and DENIES this Motion in Part.

SO ORDERED this 28th day of January, 2013.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge