IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

Central Division for the District of Utah

| | |
|---|---|
| USA, ex rel. Jeff Johnson, | **ORDER GRANTING MOTION FOR EXTENSION OF TIME OF COMPLETE DISCOVERY** |
| **Plaintiff**, | **Case No.** 2:08-cv-00877DN |
| vs. | **District Judge David Nuffer** |
| Mission Support, Inc. And John Does 1-10, | **Magistrate Judge Evelyn J. Furse** |
| **Defendant**. | |

Pursuant to Fed. R. Civ. P. 16(b), the Magistrate Judge[1] received A Motion for Extension of Time to Complete Discovery (docket #161). The Court GRANTS the motion and the following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

## **ALL TIMES 4:30 PM UNLESS INDICATED**

1. **PRELIMINARY MATTERS**                                                               **DATE**

   **Nature of claim(s) and any affirmative defenses:**

   a.   Was Rule 26(f)(1) Conference held?                                    *Passed*

   b.   Has Attorney Planning Meeting Form been submitted?        *passed*

   c.   Was 26(a)(1) initial disclosure completed?                          *passed*


2. **DISCOVERY DISPUTE PROCESS**

**(a)** The court will not entertain any discovery motion unless it grants leave to file one.  When a discovery dispute arises, counsel must make reasonable efforts to reach agreement with opposing attorneys on the dispute.  If the parties cannot resolve the dispute within 14 days of the dispute arising, the parties must file a Discovery Dispute Letter as set forth in (b).  Failure to submit a letter within this period will result in waiver of any relief sought for the discovery dispute or assent to the disputed condition.

**(b) Discovery Dispute Letters**
If the meet and confer process fails to resolve the dispute, each party should submit a letter (the body of which should not exceed 500 words) describing the dispute to the court.  The letter must include a statement showing the parties made reasonable efforts to reach agreement on the disputed matters.  Such statement must recite, in addition, the date, time, and place of such consultation, and the names of all participating parties or attorneys.  The parties should designate amongst themselves one party to attach to its letter a copy of the discovery request and the response to the request to which a party objects.  Each party should also e-mail chambers a proposed Order setting forth the relief requested in an editable format.

**(c) Discovery Dispute Conference**
The parties should contact chambers to set a conference to attempt to resolve the dispute as soon as practicable.  The court may set the conference upon receipt of the first letter and need not wait for any additional letters before setting the conference.

**1)** The court may decide the issue on the basis of the letters or authorize further briefing without holding the conference consistent with DUCivR 7-1(f).

**2)** If after considering the matter, the court determines to have the issues fully briefed, the court will authorize the filing of a discovery motion and set a briefing schedule.  Parties may not file a discovery motion without leave of the court.

|   |   |   | **DATE** |
|---|---|---|---|
| 3. | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[2] | | |
| | a. | Last Day to File Motion to Amend Pleadings | *passed* |
| | b. | Last Day to File Motion to Add Parties | *passed* |
| 4. | **RULE 26(a)(2) REPORTS FROM EXPERTS**[3] | | |
| | a. | Party Bearing Burden of Proof | *04/01/2013* |
| | b. | Parties Defending | *05/01/2013* |
| | c. | | |
| 5. | **OTHER DEADLINES** | | |
| | a. | Discovery to be completed by: | |
| | | Fact discovery | *03/15/2013* |
| | | Expert discovery | *06/03/2013* |
| | b. | *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e) | |
| | c. | Deadline for filing dispositive or potentially dispositive motions | *07/01/2013* |
| 6. | **SETTLEMENT/ ALTERNATIVE DISPUTE RESOLUTION** | | |
| | a. | Referral to Court-Annexed Mediation | |
| | b. | Referral to Court-Annexed Arbitration | |
| | c. | Evaluate case for Settlement/ADR on | |
| | d. | Settlement probability: | |
| 7. | **TRIAL AND PREPARATION FOR TRIAL:** | | |
| | a. | Rule 26(a)(3) Pretrial Disclosures[4] | |
| | | **Plaintiffs** | 10/11/2013 |

|   |   |   |   |   |
|---|---|---|---|---|
|   | **Defendants** |   |   | 10/25/2013 |
| b. | **Objections to Rule 26(a)(3) Disclosures** <br> (if different than 14 days provided in Rule) |   |   |   |
|   |   |   |   | **DATE** |
| c. | **Special Attorney Conference[5] on or before** |   |   | 11/08/2013 |
| d. | **Settlement Conference[6] on or before** |   |   | 11/08/2013 |
| e. | **Final Pretrial Conference** |   | 2:30 p.m. | 11/25/2013 |
| f. | **Trial** | **Length** | **Time** | **Date** |
|   | i.  Bench Trial |   |   |   |
|   | ii. Jury Trial | *Seven Days* | *8:30 a.m.* | *12/09/2013* |

8. **OTHER MATTERS:**

   **Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.**

Dated this 29 day of January, 2013.

BY THE COURT:

*Evelyn J. Furse*
Evelyn J. Furse
**U.S. Magistrate Judge**

---

1.     The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5). The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately referred to that Magistrate Judge. A separate order may refer this case to a Magistrate Judge under DUCivR 72-2 (b) and 28 USC 636 (b)(1)(A) or DUCivR 72-2 (c) and 28 USC 636 (b)(1)(B). The name of any Magistrate Judge to whom the matter is referred under DUCivR 72-2 (b) or (c) should appear on the caption as required under DUCivR10-1(a).

2.     Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

3.     A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party. This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

4.	Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

5.	The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

6.	Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

S:\IPT\2013\Johnson v. Mission Support  208cv00877DN  amended 0122 tb.wpd