IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFF JOHNSON,<br><br>                    Plaintiff,<br><br>v.<br><br>MISSION SUPPORT, et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (ECF No. 179)**<br><br>Case No.  2:08-CV-00877-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Jeff Johnson moved to extend discovery.[1] (ECF No. 179.) The Court has carefully read the Motion and Memoranda submitted for and against Johnson's Motion. The Court does not need to hear oral argument on this motion.[2] This Court DENIES the Motion.

Mr. Johnson has again requested an extension to permit him to conduct further discovery of third parties and follow up on the discovery produced in response to his Motions to Compel. The fact discovery period in this case began on April 26, 2010 and closed March 15, 2012, following two extensions. The Court also permitted Mr. Johnson to take depositions of four third party witnesses on August 23, 2012 even though discovery had closed. The Court reopened discovery from January 28, 2013 until March 15, 2013 to allow completion of any remaining discovery needs. Mr. Johnson states in his motion he knew he could not complete the discovery

---

[1] On October 5, 2010, District Judge Dee Benson referred this case to Magistrate Judge David Nuffer under 28 U.S.C. section 636(b)(1)(A). (ECF No. 28.) On March 31, 2012, the case was reassigned from Judge Benson to newly appointed District Judge David Nuffer. (ECF No. 126.) On May 21, 2012, Judge Nuffer reassigned the referral to Magistrate Judge Evelyn J. Furse. (ECF No. 143.)

[2] *See* DUCivR 7–1(f).

1

he needed during that period. Nonetheless, Mr. Johnson waited until March 6, 2013 to make any affirmative efforts on discovery and did not request an extension until May 15, 2013.

Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court to extend a deadline for good cause, "on a motion made after the time has expired if the party failed to act because of excusable neglect." Mr. Johnson did not make a meaningful effort to obtain discovery during the extended period and then waited two months following the close of discovery to request an extension of discovery. Under these circumstances, Plaintiff has failed to show excusable neglect for failing to request the extension on or before March 15, 2013.

No pending motion under Federal Rule of Civil Procedure 56 exists. Therefore, to the extent Plaintiff's request falls under Rule 56(d), that relief is not available.

The Court also denies Plaintiff's Motion for Interlocutory Appeal. Such certification is not the proper procedural mechanism for review of this Order. *See* Fed. R. Civ. P. 72.

For these reasons, the Court DENIES this Motion and VACATES the Motion Hearing set for May 22, 2013 at 2:00 p.m.

SO ORDERED this 22nd day of May, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge