IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JEFF JOHNSON,<br><br>         Plaintiff,<br><br>   v.<br><br>MISSION SUPPORT, INC., and JOHN DOES 1-10,<br><br>         Defendants. | **MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE FURSE'S ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND FOR PERMISSION TO FILE MOTION TO COMPEL**<br><br>Case No.  2:08-cv-00877<br><br>District Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |

Before the court are Plaintiff's Verified Objection to Magistrate Furse's Order Denying Plaintiff's Motion for Extension of Time to Complete Discovery[1] and Plaintiff's Verified Objection to Magistrate Furse's Order Denying Plaintiff's Request to File a Motion to Compel Discovery.[2]  After a careful review of the record, Plaintiff's objections are overruled and Judge Furse's orders are AFFIRMED.

**Background**

This case has been pending since November 13, 2008 when Plaintiff filed his Qui Tam Complaint.[3]  Because the United States was granted a 12 month extension to investigate the allegations and determine whether it would intervene in the case,[4] the formal discovery period began on April 26, 2010 and ended on March 15, 2012.  During that time, there were two gaps in discovery:  one by stipulation of the parties between March 28, 2011 and May 15, 2011 to allow

---

[1] Dkt. no. 188, filed May 22, 2013.

[2] Dkt. no. 191, entered May 22, 2013.

[3] Dkt. no. 1.

[4] Dkt. no. 7, entered April 3, 2009.

for settlement negotiations, and another of only 22 days between November 23, 2011, the extended fact discovery deadline,[5] and December 15, 2011, the date the court entered an order extending the fact discovery deadline (for a second time) until March 15, 2012.[6]

In August 2012, even though the fact discovery period (which had already been extended twice) had ended, Judge Furse granted Plaintiff permission to depose four third party witnesses.[7] On January 28, 2013, in response to Plaintiff's motion for a third extension of the fact discovery deadline,[8] the fact discovery deadline was re-opened until March 15, 2013 to allow the parties "any follow up discovery [they] deem[ed] necessary."[9] The controlling scheduling order was amended to reflect this change.[10] It also mandated a discovery dispute process, which required the parties to follow certain procedures to timely resolve discovery disputes, including the requirement that each party file a discovery dispute letter within 14 days after a dispute arises.[11] The parties were warned that failure to follow the discovery dispute process would result in "waiver of any relief sought for the discovery dispute or assent to the disputed condition."[12]

During the re-opened discovery period, Defendant served Plaintiff with two additional discovery requests, but Plaintiff waited until March 6, 2013, just nine days before the close of the

---

[5] By stipulated motion of the parties, the Scheduling Order was first amended on January 31, 2011, Dkt. no. 49.

[6] Dkt. no. 95.

[7] Dkt. no. 155, entered August 20, 2012.

[8] Dkt. no. 101, filed February 14, 2012. A hearing on this motion and others was held on December 5, 2012.

[9] Dkt. no. 169, entered January 28, 2013.

[10] Dkt. no. 170, entered on January 29, 2013.

[11] Id.

[12] Id.

re-opened discovery period, to serve his sixth discovery requests on Defendant.[13]  Even though Plaintiff's sixth discovery requests were untimely,[14] Defendant responded on March 15, 2013.[15]

In sum, taking all of the foregoing into account, Plaintiff has had approximately 95 weeks to conduct fact discovery in this case.  Notwithstanding these 95 weeks, and notwithstanding Plaintiff's delay in conducting any discovery during the re-opened discovery period, on May 15, 2013, approximately two months *after* the close of the re-opened discovery period, Plaintiff filed a motion for a fourth extension,[16] which sought an additional 165 days for fact discovery and to compel Defendant to respond to Plaintiff's sixth discovery requests.  In the alternative, Plaintiff requested that the issues raised in his motion be certified for interlocutory appeal under the pragmatic finality doctrine.[17]  On that same date, Plaintiff also filed his untimely discovery dispute letter related to the purported deficient responses to his sixth discovery requests.[18]

On May 22, 2013, Judge Furse entered two orders (the "Orders"), one order denying Plaintiff's motion for a fourth extension of time to complete discovery and, alternatively, to certify the issue of additional discovery for an interlocutory appeal,[19] and the second order denying his request for permission to file motions to compel[20] because Plaintiff's discovery dispute letter was untimely.[21]  Judge Furse held that Plaintiff "failed to show excusable neglect

---

[13] Dkt. no. 174.

[14] *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (holding that discovery requests must be served "at least thirty days prior to a completion of discovery deadline.")

[15] Plaintiff contends Defendant's response was deficient.

[16] Plaintiff's "Verified Fourth Memorandum in Support of Motion to Extend Discovery & Rule 56 (F) Motion & in the Alternative Request for Interlocutory Appeal," dkt. no. 179, filed May 15, 2013.

[17] *Id.* at pp. 50-51.

[18] Dkt. no. 181.

[19] Dkt. no. 186.

[20] Dkt. no. 185.

[21] Pursuant to the discovery dispute resolution process set forth in dkt. no. 170.

for failing to request the [fourth] extension on or before March 15, 2013" because he "did not make a meaningful effort to obtain discovery during the [third] extended period and then waited two months following the close of discovery to request an extension of discovery."[22] Judge Furse also held that interlocutory appeal was not the proper mechanism for review of her order denying a fourth extension of time to complete fact discovery.[23]

Plaintiff objects to the Orders on several grounds, summarized as follows: (1) Plaintiff was prejudiced by the delay in ruling upon his motion to extend fact discovery and motions to compel; (2) Judge Furse's orders are arbitrary and capricious; (3) by granting a "patently insufficient" time to complete discovery, Judge Furse has rewarded Defendant for its alleged lack of cooperation during discovery; (4) the third extension of fact discovery from January 28, 2013 to March 15, 2013 was "woefully insufficient" to complete discovery and that Plaintiff has demonstrated good cause for the extension; and with regard to the discovery dispute, (5) Plaintiff was not required to comply with the discovery dispute resolution process because the subjects of the discovery dispute had already been addressed by Judge Furse or discussed orally by the parties.

Defendant seeks affirmation of the Orders.

## Discussion

Because Plaintiff's motions[24] are non-dispositive, Rule 72(a) requires deference to Judge Furse's Orders "unless [they are] clearly erroneous or contrary to law."[25] This deferential

---

[22] Dkt. no. 186 at p. 2.

[23] *Id*.

[24] Dkt. nos. 188 & 191, respectively.

[25] *Allen v. Sybase*, 468 F.3d 642, 658 (10th Cir. 2006); *see also* Fed. R. Civ. P. 72(a).

4

standard requires the Orders be affirmed unless review of all the evidence establishes by a definite and firm conviction that a mistake has been committed.[26]

Review of the evidence and procedural history of this case fails to establish by a definite and firm conviction that the Orders were issued in error. Plaintiff has had sufficient time to complete discovery. The fact discovery period was extended or re-opened three times. The re-opened discovery period closed approximately two months *prior* to Plaintiff requesting a fourth extension. Plaintiff failed to comply with the discovery dispute process required by Judge Furse.[27] Judge Furse's Orders were not arbitrary, capricious, or clearly erroneous. Each of Plaintiff's arguments raised in his objections[28] are addressed below.

1. <u>Plaintiff has not shown that he suffered prejudice.</u>

Plaintiff contends that Judge Furse "delayed over one year to rule upon [his] pending motions to continue and motions to compel," and that this delay caused Plaintiff to suffer prejudice. The court disagrees for several reasons.

First, Plaintiff does not identify these motions, but a review of the docket leads the court to believe that Plaintiff is referring to his Motion to Compel Discovery,[29] Motion to Extend Discovery,[30] and Motion to Compel on his Fifth Discovery Request,[31] none of which were pending for "over one year."[32]

---

[26] *See id.*; *accord* <u>ClearOne Communs., Inc. v. Chiang</u>, Case No. 2:07-CV-37, 2010 WL 1257750, *2 (D. Utah Mar. 25, 2010) (recognizing deferential standard and affirming magistrate's decision).

[27] Dkt. no. 170.

[28] Dkt. nos. 188 & 191, respectively.

[29] Dkt. no. 99, filed February 14, 2012.

[30] Dkt. no. 101, filed February 14, 2012.

[31] Dkt. no. 119, filed March 20, 2012.

[32] Indeed, in December 2012, Judge Furse held a hearing regarding these motions, and on January 28, 2013, entered orders related to these motions. The time between the motions being fully briefed and the issuance of the January 28, 2013 orders was less than one year.

Second, Plaintiff asserts that he suffered prejudice by the purported delay in ruling on these motions, yet Plaintiff has provided no facts or evidence supporting this assertion. Bare assertions without any evidentiary or factual support are insufficient to warrant a finding of prejudice, and the court declines to do so in this case.

2. Judge Furse's Orders are not arbitrary.

Plaintiff contends that Judge Furse's Orders are "arbitrary and bear no connection to the facts and needs of the current case." The court disagrees. With regard to Plaintiff's motion for a fourth extension of the fact discovery deadline, Plaintiff has had ample time (approximately 95 weeks) to conduct discovery in this case. Fact discovery was re-opened on January 28, 2013 until March 15, 2013, but Plaintiff waited until March 6, 2013, only *9 days* before the close of the re-opened fact discovery period, to pursue any needed discovery from Defendant. Then, Plaintiff waited an additional two months *after* the close of the re-opened fact discovery period to move the court for a fourth extension of time to complete discovery. This conduct is inconsistent with Plaintiff's assertion of diligent prosecution.[33]

Plaintiff complains about purported lack of cooperation from the Air Force and the order in which he deposed witnesses relative to receiving documents. However, parties may choose the manner, method and order in which they conduct discovery, and courts generally will not interfere in this process.[34]

Plaintiff has also taken inconsistent positions regarding the amount of time needed to complete fact discovery. Plaintiff's motion to extend discovery[35] sought an additional 92 days to complete discovery. On January 28, 2013, Plaintiff received exactly half of what he requested.

---

[33] *See* dkt. no. 188 at p.4.

[34] *See Sellers v. Wesley Medical Center, L.L.C.*, 2012 WL 5362977 at *7 (D. Kan. Oct. 31, 2012).

[35] Dkt. no. 101.

Now, Plaintiff complains that 46 days was "woefully insufficient" and requests an additional 165 days to complete discovery.

Plaintiff has had adequate time to conduct discovery. The discovery period has been extended or re-opened three times. Plaintiff was granted permission to depose four third party fact witnesses in August 2012 after the close of fact discovery. Plaintiff failed to request additional time to complete discovery until approximately two months after the close of the re-opened fact discovery. Judge Furse's Order denying additional time to complete discovery is neither arbitrary nor unconnected to the facts of the case.

Regarding Judge Furse's Order denying Plaintiff's motion for permission to file motions to compel,[36] the facts provide ample support for her order. The Amended Scheduling Order entered by Judge Furse on January 29, 2013 clearly sets forth the discovery dispute process and unequivocally warns the parties that failure to comply "will result in waiver of any relief sought for the discovery dispute or assent to the disputed contention."[37] Plaintiff failed to comply with the discovery dispute process by waiting almost two months before contacting Defendant about its responses or filing the discovery dispute letter, instead of the required 14 days. Judge Furse's Order denying Plaintiff's motion for permission to file motions to compel was proper.

3. <u>Plaintiff has had sufficient time to complete discovery.</u>[38]

Plaintiff contends that Judge Furse granted a "patently insufficient" time to complete discovery and that "compelling facts" demonstrate that the additional 46 days for the parties to complete discovery was "woefully insufficient." Plaintiff also complains that Defendant was responsible for any delays in discovery. Once again, the court disagrees.

---

[36] Dkt. no. 185, entered May 22, 2013.

[37] Dkt. no. 170.

[38] Plaintiff's points 3 and 4 are addressed together.

Careful review of the record demonstrates that Plaintiff has had sufficient time to complete discovery in this case. As discussed in greater detail above, in his motion for a third extension of the fact discovery deadline,[39] Plaintiff asked for only 92 days to complete discovery, and after receiving 46 additional days, Plaintiff waited until only nine days remained during this re-opened discovery period to conduct any discovery. Plaintiff's contention that 46 days was insufficient is undermined by his delay in conducting any discovery during that time. Had Plaintiff been diligent in conducting discovery during the entirety of this re-opened discovery period, Plaintiff's request for a fourth extension might carry more weight. The delay in taking advantage of this re-opened discovery period is not attributable to Defendant or to Judge Furse – it was caused by Plaintiff and only Plaintiff.

    4. <u>Plaintiff failed to comply with the discovery dispute resolution process.</u>

Plaintiff seemingly contends that because his sixth discovery requests contained only re-formulated requests for information sought through prior discovery, as opposed to requests seeking new information, and because the meet and confer process had taken place previously, that Plaintiff was exempt from compliance with the discovery dispute process contained in the Amended Scheduling Order.[40] Plaintiff's argument is without merit.

As discussed in greater detail above, the discovery dispute process clearly and unambiguously sets forth the procedure for resolving discovery disputes. The parties were warned that failure to comply with the procedure "will result in waiver of any relief sought for the discovery dispute or assent to the disputed condition." There is nothing in the Amended Scheduling Order that states that certain discovery disputes are exempted from this process. Plaintiff sent a new round of discovery requests to Defendant and disputed Defendant's

---

[39] Dkt. no. 101.

[40] Dkt. no. 170.

responses. Relief sought by Plaintiff necessitated compliance with the discovery dispute process. Plaintiff failed to do so and cannot now complain that Judge Furse's order denying permission for Plaintiff to file a motion to compel was in error.

    5. <u>The pragmatic finality doctrine is inapplicable.</u>

Finally, in his motion for fourth extension,[41] Plaintiff alternatively requests that denial of his motion for a fourth extension of discovery be certified for interlocutory appeal under the pragmatic finality doctrine.[42] This request was denied by Judge Furse.

The Tenth Circuit has "repeatedly stressed a narrow reading of the [pragmatic finality doctrine]," invoking it "only in truly unique" or "the most exceptional" circumstances.[43] "The critical inquiry is whether the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review."[44]

The case at hand is neither so unique nor exceptional to fall into the narrow scope of the pragmatic finality doctrine, which is rarely applied. Indeed, even the case cited by Plaintiff, *Stubblefield v. Windsor Capital Grp.*,[45] rejects the application of the pragmatic finality doctrine to the circumstances of that case. The holding from that case (with slight modification) applies equally here:

> "Although [Plaintiff] may have preferred that the [court grant his motion for a fourth extension to complete fact discovery], he has by no means suffered an 'injustice' of the type the [pragmatic finality] doctrine is designed to prevent."[46]

---

[41] Dkt. no. 179.

[42] *Id.* at p. 50.

[43] *State of Utah v. Kennecott Corp.*, 14 F.3d 1489, 1496 (10th Cir. 1994).

[44] *Id.* at 1496 (citations omitted).

[45] 74 F.3d 990, 997 (10th Cir. 1996).

[46] *Id.*

Furthermore, any "adverse consequences resulting from [denial of his motion for a fourth extension] are [not] so unjust as to justify immediate review under [the pragmatic finality doctrine]."[47]

## Conclusion and Order

For the reasons set forth herein, Judge Furse's Orders are neither clearly erroneous nor contrary to law.

IT IS THEREFORE ORDERED that Judge Furse's Order Denying Plaintiff's Motion for Permission to File Motions to Compel[48] is AFFIRMED.

IT IS FURTHER ORDERED that Judge Furse's Memorandum Decision and Order Denying Plaintiff's Motion for Extension of Time to Complete Discovery[49] is AFFIRMED.

Dated June 10, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[47] *Id.*

[48] Dkt. no. 185.

[49] Dkt. no. 186.